UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIPE LOPEZ-VELASQUEZ,

       Petitioner,

                                     Case No. 15-cv-13401

v.

                                     HON. MARK A. GOLDSMITH

CARMEN PALMER,

       Respondent.
_____/

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Felipe Lopez-Velasquez filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1), challenging the sentences imposed for his convictions for first-degree criminal sexual conduct and unarmed robbery on the grounds that offense guidelines 4 and 10 were improperly scored, the imposition of consecutive prison terms violated both the Michigan and United States Constitutions, and defense counsel was ineffective for failing to object to the scoring of offense variables and the imposition of consecutive sentences. Respondent argues that the sentencing claims are not cognizable and that all the claims are meritless. For the reasons explained below, the Court denies the petition, declines to issue a certificate of appealability, and grants Petitioner leave to proceed in forma pauperis on appeal.

**I. BACKGROUND**

Petitioner's convictions arise from the robbery and assault of Leslie Trentham in Grand Rapids on September 10, 2012. Petitioner was charged with three counts of first-degree criminal sexual conduct, and unarmed robbery. On July 1, 2013, Petitioner pleaded guilty one charge of

1

first-degree criminal sexual conduct and unarmed robbery. See 7/1/2013 Plea Tr. (Dkt. 10-2). In exchange for the plea, the prosecutor dismissed the two remaining first-degree criminal sexual conduct charges and agreed to recommend sentencing within the 81 to 135 month guidelines range. Id. at 3. On August 29, 2013, the trial court sentenced Petitioner to six to fifteen years' imprisonment for the unarmed robbery conviction and eleven to forty-four years for the criminal sexual conduct conviction. See 8/29/2013 Sentencing Tr. at 9 (Dkt. 10-3).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) denied due process and equal protection when 10 points were scored on offense variables 4 and 14, and counsel was ineffective failing to object; and (ii) consecutive prison sentences violated the United States and Michigan Constitutions and counsel was ineffective in failing to object. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Lopez-Velasquez, No. 320562 (Mich. Ct. App. Apr. 25, 2014) (Dkt. 10-4). The Michigan Supreme Court also denied leave to appeal. People v. Lopez-Velasquez, 856 N.W.2d (Mich. 2014).

Petitioner then filed this habeas corpus petition, raising the following claims:

i. "The trial court unlawfully deprived the Defendant of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 10 points on OV-4, and 10 points on OV-14; on plain error and/or ineffective assistance of counsel grounds this court should review the issue."

ii. "The trial court unlawfully violated the United States and Michigan constitutions in sentencing the defendant to consecutive prison terms of 6-15 years on the unarmed robbery conviction and to 11-44 years on the CSC I conviction; on plain error and/or ineffective assistance of counsel grounds this court should review this issue."

Pet. at 3 (cm/ecf page).

Respondent has filed an answer to the petition (Dkt. 9), arguing that the sentencing claims are not cognizable, and that all of the claims are meritless.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  Miller-El v.

Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in

4

federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id.; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## IV.  ANALYSIS

### A.  Scoring of Offense Variables

In his first claim for relief, Petitioner argues that the trial court incorrectly scored offense variables 4 and 14, and that counsel was ineffective in failing to object to the scoring. The Michigan Court of Appeals denied the claim on the merits in a summary order. Nevertheless, the Court must apply AEDPA deference to the state court's decision. Harrington, 562 U.S. at 98-99.

Petitioner's claim that the trial court erred in scoring offense variables 4 and 14 of the state sentencing guidelines is a state-law claim and, therefore, not cognizable on habeas review. See Howard v. White, 76 F. App'x. 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only."). Any alleged error in scoring the offense variables and determining the sentencing guideline range does not justify federal habeas relief.

Petitioner also argues that the scoring of points for offense variable 4 violates the separation of powers. He argues that the plain language of the statute requires that professional treatment have been sought for the serious psychological injury, and that allowing the scoring of

5

ten points when the psychological injury <u>may</u> require professional treatment violates the separation of powers doctrine. This argument fails for two reasons.

First, the federal separation of powers doctrine does not apply to state actions. <u>See</u> <u>Sweezy v. New Hampshire</u>, 354 U.S. 234, 254 (1957) ("[T]his Court has held that the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments."). Second, the statute allows for the scoring of ten points even where there is no evidence that a victim sought professional treatment: "Score 10 points if the serious psychological injury <u>may</u> require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." Mich. Comp. Laws § 777.34(2) (emphasis added).

Petitioner also argues that his trial attorney was ineffective in failing to object to the scoring of these offense variables. While the trial court's scoring of offense variables is not cognizable on federal habeas review, a claim that counsel failed to object to the scoring is. <u>See</u> <u>Coleman v. Curtin</u>, 425 F. App'x 483, 485 (6th Cir. 2011). A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. "Judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure

of attorney performance remains simply reasonableness under prevailing professional norms." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at 688)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

"The standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105. "[T]he question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Michigan Court of Appeals denied this claim on the merits, the court failed to provide any explanation for its decision. Thus, to decide whether the court of appeals' decision was a reasonable application of Strickland, the Court considers Michigan law regarding the scoring of these variables. Offense variable 4 is properly scored at ten points if the victim suffers serious psychological injury, which may require professional treatment. Mich. Comp. Laws § 777.34. The victim prepared a written impact statement, which was included in the presentence report. Her impact statement describes, in detail, the severe psychological distress she suffered as a result of being assaulted. She describes her transformation from a generally optimistic person to one plagued by fear. She states that she is incapable of walking outside

7

alone at night and walking alone during the daytime also presents a challenge. She further stated that she has not had a day free from anxiety and fear since the assault. See Victim Impact Statement at 6 (cm/ecf page) (Dkt. 13). Based upon this impact statement, it was reasonable for defense counsel to conclude that the victim's serious psychological injury was clear and any objection to the scoring of offense variable 4 on this basis would have been futile.

Petitioner also objects to the scoring of offense variable 14. Under Mich. Comp. Laws § 777.44, ten points may be scored on offense variable 14 for being "a leader in a multiple offender situation." Here, according to the presentence report, Petitioner and another individual approached the victim as she was walking home at night. Petitioner grabbed her by the shoulders and threw her to the ground. When she began to scream, Petitioner hit her in the face several times and raped her. According to this account of the attack, it was reasonable for counsel to conclude that it would have been futile to contend that Petitioner was not a leader in this situation. Thus, the Michigan Court of Appeals denial of this claim was not an unreasonable application of or contrary to Strickland. Accordingly, habeas relief is denied on this claim.

### B. Imposition of Consecutive Sentences

Petitioner's second claim for habeas relief concerns the consecutive nature of his sentences. He argues that the trial court failed to take into account mitigating factors, such as Petitioner's youth and substance abuse history, that the sentences are disproportionate under both the United States and Michigan Constitutions, and that defense counsel was ineffective for failing to object.

First, there is no constitutional requirement that a court consider mitigating evidence at sentencing in non-capital cases. Harmelin v. Michigan, 501 U.S. 957, 995 (1991); see also Engle v. United States, 26 F. App'x 394, 397 (6th Cir. 2001). The Supreme Court has held: "We have

8

drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further." Harmelin, 501 U.S. at 996. Therefore, Petitioner is not entitled to habeas relief on the ground that the trial court failed to consider mitigating factors at sentencing.

Petitioner's claim that the consecutive sentences are disproportionate under both the United States and Michigan Constitutions is similarly meritless. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id. at 1001 (quoting Solem v. Helm, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. United States v. Layne, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing Harmelin, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" Cowherd v. Million, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting United States v. Marks, 209 F.3d 577, 583 (6th Cir. 2000)). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" Austin v. Jackson, 213 F.3d 298, 301 (6th Cir. 2000) (quoting Williams v. New York, 337 U.S. 241, 245 (1949)). Petitioner's sentence falls within the statutory maximum for his offenses.

In addition, while "concurrent sentencing is the norm" in Michigan, consecutive sentencing may be imposed "if specifically authorized by statute." People v. Brown, 560 N.W.2d 80, 81 (Mich. Ct. App. 1996). Mich. Comp. Laws § 750.520b specifically authorizes a court to order a term of imprisonment for first-degree criminal sexual conduct "to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from

9

the same transaction." Therefore, the consecutive nature of Petitioner's sentence is specifically authorized by statute and permitted by the federal constitution. See Oregon v. Ice, 555 U.S. 160, 165 (2009) (finding that consecutive sentences are constitutionally permissible).

Petitioner cites Miller v. Alabama, 132 S. Ct. 2455 (2012), to argue that the trial court should have considered his youth as a mitigating factor in sentencing him. In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 2460. But Miller applies only to mandatory sentences of life without parole for juveniles. The Sixth Circuit Court of Appeals has rejected the argument that the Eighth Amendment protections afforded juveniles in Miller also extends to juvenile sentences that are the functional equivalent of life. Starks v. Easterling, --- F. App'x ---, 2016 WL 4437588, at *3 (6th Cir. Aug. 23, 2016). Therefore, it cannot be said that the Miller decision extends to juveniles whose sentences are not the functional equivalent of life. Petitioner's earliest release date is September 27, 2029, at which time he will be in his early thirties. This sentence, while long, is far from the functional equivalent of life. In light of Petitioner's eligibility for parole at a still relatively young age and the absence of any Supreme Court precedent extending Miller's protections to juveniles not sentenced to a mandatory life sentence, the Court cannot say that the state court's decision affirming his sentences is contrary to, or an unreasonable application of, clearly established federal law.

In addition, to the extent that Petitioner argues that his sentence violates the Michigan Constitution, this claim is not cognizable on habeas review because habeas review is limited to alleged violations of the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

10

Finally, Petitioner argues that defense counsel was ineffective in failing to object to the consecutive nature of the sentences. As discussed, consecutive sentences are permitted by Michigan law in the circumstances presented in this case. Therefore, it would have been reasonable for counsel to conclude that an objection would have been futile. Accordingly, habeas relief is denied on this claim.

### C. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied. Accordingly, a certificate of appealability is not warranted in this case.

11

The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous and not in good faith. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Fed. R. App. P. 24(a).

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id. at 764-765.

## IV. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated: December 1, 2016　　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2016.

s/Karri Sandusky
Case Manager
